UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASHIM AL'BALAD MUHAMMAD, <br><br>Plaintiff, <br><br>v. <br><br>CITY OF MORENO VALLEY CODE ENFORCEMENT, et al., <br><br>Defendants. | Case No. 5:21-cv-01204-JGB (SP) <br><br>**ORDER FINDING COMPLAINT SUBJECT TO DISMISSAL BUT GRANTING LEAVE TO AMEND** |

### I.

### **INTRODUCTION**

On July 20, 2021, plaintiff Hashim Al'Balad Muhammad, proceeding pro se and in forma pauperis, filed a complaint against the City of Moreno Valley, alleging that defendant was negligent and violated his Fourth, Fifth, and Fourteenth Amendment rights when it inspected, issued citations and fines against, and restricted usage of his property ("Complaint").[1]

---

[1] Plaintiff also named City of Moreno Valley Code Enforcement and City of Moreno Valley Citation Processing Center as defendants, but neither is an actual entity. Thus, the only proper defendant is the City of Moreno Valley.

1

On August 16, 2021, defendant filed: (1) a motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B) on the bases that the Complaint is frivolous, the Complaint fails to state a claim, and defendant has immunity ("§ 1915 MTD"); and (2) a motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("Rules") on the bases that the court lacks subject matter jurisdiction, plaintiff lacks standing, the Complaint fails to state a claim, and defendant has immunity ("Rule 12(b) MTD"). Docket nos. 8, 9. On August 25, 2021, defendant refiled the same motions to dismiss. Docket nos. 10, 11. Plaintiff filed a "Notice of Motion to Amend Complaint" on August 31, 2021, which the court considers plaintiff's response to the motions to dismiss ("motion to amend/opposition").[2] Docket no. 16. Defendant filed an Objection and Opposition to plaintiff's motion to amend on September 8, 2021.

Liberally construing the Complaint's allegations, the court finds the Complaint fails to state a claim upon which relief can be granted, and is therefore subject to dismissal. But the court grants plaintiff leave to amend, as discussed below.

## II.

## **ALLEGATIONS OF THE COMPLAINT**

The Complaint contains few actual factual allegations, and those few are confusing and disjointed. To the extent it can, the court has attempted to summarize the pertinent allegations as follows.

Plaintiff is a co-owner (with his in-laws) of property located in the City of

---

[2] As the court previously stated, plaintiff had a right to amend as a matter of course because he filed the motion to amend within 21 days after service of the motions to dismiss. *See* docket no. 18; Fed. R. Civ. P. 15(a)(1)(B). But the amended complaint did not comply with the Federal Rules of Civil Procedure and the court therefore found plaintiff had not filed an amended complaint as a matter of course. *See id*.

2

1 Moreno Valley, California. Plaintiff maintains a trailer, aluminum command tent,
2 and garden on the property. Plaintiff was fined for "vegetation and rubbish"
3 immediately after purchase of the property. Additional citations and fines dated
4 approximately May, June, and July 2021 were issued against the property, but
5 plaintiff did not receive notice of them until July 2021.

6 Based on these allegations, plaintiff claims defendant conducted an
7 unreasonable search and seizure, engaged in "warrantless spying," levied fines
8 without due process, and limited his rights to use his property.

## III.
## STANDARDS OF REVIEW

**A. 28 U.S.C. 1915(e)(2)(B)**

Under 28 U.S.C. § 1915(e)(2)(B), the court may sua sponte dismiss, "at any time," any in forma pauperis complaint that is frivolous or malicious, fails to state a claim, or seeks damages from defendants who are immune. *See also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**B. Rule 12(b)(1)**

A motion to dismiss pursuant to Rule 12(b)(1) challenges the subject matter jurisdiction of the court. Fed. R. Civ. P. 12(b)(1); *Neitzke v. Williams*, 490 U.S. 319, 327, n.6, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A federal court is one of limited jurisdiction and is presumed to lack jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). In considering a Rule 12(b)(1) motion to dismiss, a court takes the allegations in the complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A court, however, is not restricted to the pleadings and may review other evidence to resolve factual disputes regarding jurisdiction. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("A jurisdictional challenge under Rule 12(b)(1) may be either on the face of the pleadings or by presenting

extrinsic evidence."); *McCarthy v. U.S.,* 850 F.2d 558, 560 (9th Cir. 1988). When a defendant challenges the jurisdiction of the court, plaintiff bears the burden of establishing jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

C.  **Rule 12(b)(6)**

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). A court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard does not amount to a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.

4

1955, 167 L. Ed. 2d 929 (2007)). The complaint must both "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Nonetheless, in giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation marks and citation omitted).

The court generally must give a pro se litigant leave to amend her complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127 (quotation marks and citations omitted). Thus, before a pro se civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F.2d at 623-24. But where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221

F.3d 1074, 1077 (9th Cir. 2000).

## IV.

## DISCUSSION

**A.    The Court Has Subject Matter Jurisdiction Over the Colorable Claims**

"A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). The "[f]ailure to state a claim under federal law is not the same thing as failure to establish federal question jurisdiction under 28 U.S.C. § 1331." *Bollard v. Cal. Province of the Society of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999); *see Shapiro v. McManus*, 577 U.S. 39, 45, 136 S. Ct. 450, 193 L. Ed. 2d 279 (2015) (the Supreme Court has "long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits"). Rather, "[a]ny non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits under Rule 12(b)(6)." *Bollard*, 196 F.3d at 951. "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 [] may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946)); *Shapiro*, 577 U.S. at 45.

A complaint "is frivolous where it lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325. "It is hard to show frivolousness." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1131 (9th Cir. 2012); *see Shapiro*, 577 U.S. at 46 (the use of "wholly" has legal significance). The federal claim must be "so insubstantial, implausible, . . . or otherwise completely devoid of merit as to not involve a federal controversy." *Id.* (quotation marks and citation omitted); *see,*

*e.g., Trust v. Am. Honda Fin. Corp.*, 2016 WL 756461, at *2 (C.D. Cal. Feb. 25, 2016) ("A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.").

The court recognizes that many of plaintiff's allegations and characterizations are fanciful. For example, plaintiff characterizes defendant as the "Third Section of His Imperial Majesty's Own Chancellery" and acting as the "judge jury and executioner." Complaint at 2, 5.[3] The Complaint also primarily consists of plaintiff's own analysis of property rights rather than factual allegations, and seeks not only injunctive and monetary relief, but also 40 acres and two government mules. *Id.* at 5, 7-10. Nevertheless, the Complaint, on its face, also asserts violations of the Fourth, Fifth, and Fourteenth Amendments. The question then is whether the claims are colorable or instead wholly insubstantial and frivolous. *Shapiro*, 577 U.S. at 45; *Arbaugh*, 546 U.S. at 513 n.10.

Plaintiff's allegations appear insubstantial, but the court cannot state that they are "wholly insubstantial," "completely devoid of merit," or lack an arguable basis in law. Liberally construing the Complaint, plaintiff alleges defendants conducted illegal searches of his property, issued fines without due process, and restricted the usage of his property. Notwithstanding whether the allegations state a claim upon which relief can be granted, the claims are sufficient to confer jurisdiction. *See Murr v. Wisconsin*, __ U.S. __ , 137 S. Ct. 1933, 1942, 198 L. Ed. 2d 497 (2017) (the Takings Clause of the Fifth Amendment applies to the states through the Fourteenth Amendment); *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961) (the Fourth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment); *Colorado v. Bannister*, 449 U.S. 1, 2-3, 101 S. Ct. 42, 66 L. Ed. 2d 1 (1980) ("The provisions

---

[3] All citations to the Complaint refer to the page numbers designated by the CM/ECF system.

of the Fourth Amendment are enforceable against the States through the Fourteenth, and it is axiomatic that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well delineated exceptions.'") (citation omitted).

Because the claims are colorable, the court will not dismiss the Complaint on the grounds that the court lacks subject matter jurisdiction and the Complaint is frivolous.

### B. Plaintiff Has Standing

Defendant contends the Complaint should be dismissed because plaintiff lacks standing. Rule 12(b) MTD at 5-8. Defendant argues plaintiff has not alleged any actual or threatened injury caused by defendant. *Id*. at 6-7.

To satisfy Article III's standing requirements, a plaintiff must show: (1) he suffered an injury in fact; (2) there is a causal connection between the injury and the defendant's conduct; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Plaintiff makes few factual allegations in the Complaint. Nevertheless, liberally construing the Complaint, plaintiff meets the standing requirements. Plaintiff alleges defendant, through enforcement of municipal codes, searched his property without his consent or a warrant, he was fined without due process, and defendant has restricted his usage of his property. *See* Complaint at 5, 9. This is sufficient at this stage for standing.

Nonetheless, to the extent plaintiff asks the court to generally "define" a property owner's constitutional rights, it appears plaintiff seeks an advisory opinion, which the Constitution prohibits. *McQuillion v. Schwarzeneggar*, 369 F.3d 1091, 1095 (9th Cir. 2004).

## C. Plaintiff Fails to State a Claim

Plaintiff fails to state facts sufficient to support any federal constitutional or tort claim against defendants. The Complaint comprises plaintiff's musings on property rights and the Constitution, but is bereft of factual allegations. Plaintiff does not plead any facts that could plausibly state any claim. Among other things, plaintiff fails to allege the identification of the property at issue, when defendant issued citations against him, what violations were cited, and what restrictions were placed on the use of his property. Although plaintiff identifies the property and code violations in the motion to amend/opposition, that does not cure the deficiencies in the Complaint.

As for each claim specifically, the Fourth Amendment prohibits illegal searches and seizures. U.S. Const. amend. IV. *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (The Fourth Amendment "guarantees citizens the 'right to be secure in their persons … against unreasonable … seizures.'"). Plaintiff makes vague and conclusory allegations of an "unreasonable search and seizure" and 'warrantless spying," but fails to allege any facts that establish defendant conducted an unreasonable search or seizure of his property. *See Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (the court is not required to accept as true merely conclusory allegations).

"The Takings Clause of the Fifth Amendment . . . provides that private property shall not be taken for public use, without just compensation." *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 536, 125 S. Ct. 2074, 161 L. Ed. 2d 876 (2005) (internal quotation marks and citation omitted). A taking may be a physical appropriation or regulatory prohibition of a private use that categorically deprives the property of its value or non-categorically interferes with property interests to an

adverse degree. *Id*. at 537-40; *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 330-31, 122 S. Ct. 1465, 152 L. Ed. 2d 517 (2002). Neither a physical taking nor a public use are necessary components of a regulatory taking. *Tahoe-Sierra Pres. Council, Inc.*, 535 U.S. at 326. Plaintiff fails to state a Takings Clause claim because he has not identified the property at issue, any municipal code, or how the regulatory action deprived the property of its value or interfered with his property interest.

"The Fourteenth Amendment provides that no State shall 'deprive any person of life, liberty, or property, without due process of law.'" *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1031 (9th Cir. 2012) (quoting U.S. Const. amend. XIV, § 1); *see Dash, Inc. v. Alcoholic Beverage Control Appeals Bd.*, 683 F.2d 1229 1233 (9th Cir. 1982) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."). In order to state a procedural due process claim, a plaintiff must establish: (1) a protected liberty or property interest; (2) the governmental deprivation of that interest; and (3) a lack of process. *Shanks v. Dressel*, 540 F.3d 1097, 1090 (9th Cir. 2008). Plaintiff again neither identifies the property he owns nor the ordinances depriving him of his property interest. Moreover, to the extent plaintiff alleges he has a protected liberty interest in an unfettered right to use his property in any matter he intends, no such liberty interest exists. *See Lingle*, 544 U.S. at 537-38 (government may regulate property to a certain extent); *see, e.g., Krage v. City of Lakewood*, 2020 WL 6694327, at *14 (C.D. Cal. Sept. 18, 2020) ("[A] property owner does not have a constitutionally protected right to maintain her property in a manner that constitutes a nuisance."). As for the alleged lack of process, although plaintiff alleges that defendant levied fines "without due process," he also admits he may appeal the fines. *See* Complaint at 7, 9.

Finally, plaintiff alleges defendant was negligent "when [it] issued citations based on false observations." Complaint at 4. It appears plaintiff is arguing defendant violated his constitutional rights through its negligent issuance of citations or negligent searches. Putting aside plaintiff's failure to plead any elements of a negligence claim, to the extent plaintiff is arguing defendant negligently violated his constitutional rights, he "must still prove a violation of the underlying constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim." *Daniels v. Williams*, 474 U.S. 327, 330 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *see Mayall ex rel. H.C. v. USA Water Polo, Inc.*, 909 F.3d 1055, 1060 (9th Cir. 2018) (under California law, the elements of a negligence claim are a duty, a breach of that duty, and damages proximately caused by the breach). As stated above, plaintiff has failed to state a constitutional violation and therefore he has also failed to state a negligent violation of his constitutional rights. Moreover, with respect to any due process violation claim, negligent "conduct does not implicate the Due Process Clause of the Fourteenth Amendment." *Id*. at 334.

Plaintiff's claims therefore are all subject to dismissal for failure to state a claim.

**D.    Defendant Is Not Entitled to Legislative Immunity and the Facts Are Insufficient to Reach a Prosecutorial Immunity Determination**

Defendant contends the Complaint should be dismissed because it is entitled to absolute prosecutorial or legislative immunity. § 1915 MTD at 14-17; Rule 12(b) MTD at 10-13. Specifically, defendant argues the decision to issue citations "are acts 'inextricably intertwined' with its authority to initiate and prosecute violations of its Municipal Codes" and local legislators are entitled to absolute immunity for legislative acts under certain circumstances. § 1915 MTD at 16-17; Rule 12(b) MTD at 12-13.

1    As discussed above, plaintiff has not pled sufficient facts to state a claim. It
2 is unclear what exact acts plaintiff alleges violated his constitutional rights, who
3 committed such acts, and which municipal codes are at issue. Without such facts,
4 the court cannot determine whether defendant is entitled to absolute prosecutorial
5 immunity.
6    Nevertheless, it does not appear that defendant will be entitled to absolute
7 prosecutorial immunity. Claims for monetary damages against prosecutors are
8 barred by absolute prosecutorial immunity, provided the claimed violations are
9 based on their activities as legal advocates in criminal proceedings. *Van de Kamp*
10 *v. Goldstein*, 555 U.S. 335, 341-44, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009).
11 Absolute prosecutorial immunity has been extended to prosecutorial acts during
12 civil and administrative proceedings. *Butz v. Economou*, 438 U.S. 578, 516-17, 98
13 S. Ct. 2894, 57 L. Ed. 2d 895 (1978). "[A]gency officials performing certain
14 functions analogous to those of a prosecutor," or quasi-prosecutorial functions,
15 may also be able to claim absolute immunity with respect to such acts. *Id*. at 515.
16    "Absolute immunity flows not from rank or title or 'location within the
17 Government,' but from the nature of the responsibilities of the individual official."
18 *Cleavinger v. Saxner*, 474 U.S. 193, 201, 106 S. Ct. 496, 88 L Ed. 2d 507 (1985).
19 "While the line between the functions is not entirely clear, it is clear that 'absolute
20 prosecutorial immunity [is justified] only for actions that are connected with the
21 prosecutor's role in judicial proceedings, not for every litigation-inducing
22 conduct.'" *Ceballos v. Garcetti*, 316 F.3d 1168, 1183-84 (9th Cir. 2004) (reversed
23 on other grounds) (quoting *Burns v. Reed*, 500 U.S. 478, 494, 111 S. Ct. 1934, 114
24 L. Ed. 2d 547 (1991) (internal citation omitted)).
25    Here, assuming the function at issue is the inspection of the property and
26 issuance of citations by a code enforcement officer, defendant would likely not be
27 entitled to prosecutorial immunity because the code enforcement officer's actions
28

1 appear to be solely administrative and investigative in nature. *See Van de Kamp*,
2 555 U.S. at 342 (absolute immunity does not extent to administrative or
3 investigative tasks); *see, e.g., Autotek, Inc. v. Cnty. of Sacramento*, 2020 WL
4 4059564, at *14 (E.D. Cal. Jul. 20, 2020) (declining to find code enforcement
5 officer's actions were prosecutorial); *VNT Property 1, LLC v. City of Buena Park*,
6 2015 WL 12762257, at *6 (C.D. Cal. Aug. 11, 2015) (no relevant legal support to
7 extend prosecutorial immunity to city officials who enforce the municipal code).

8       That defendant is not entitled to legislative immunity is clearer. "It is well
9 established that federal, state, and regional legislators are entitled to absolute
10 immunity from civil liability for their legislative activities." *Bogan v. Scott Harris*,
11 523 U.S. 44, 46, 118 S. Ct. 966, 140 L. Ed. 2d 79 (1998). But legislative immunity
12 does not extend to municipalities. *See Owen v. City of Independence*, 445.U.S.
13 622, 651-53, 100 S. Ct. 1398, 63 L. Ed. 2d 673 (1980) (municipalities are not
14 entitled to a qualified immunity defense).

15       Accordingly, defendant is not entitled to legislative immunity and the factual
16 allegations are insufficient for the court to reach a determination on prosecutorial
17 immunity.

18 **E.     Leave to Amend Is Granted**

19       As discussed above, the court finds the Complaint is subject to dismissal.
20 Although the undersigned is skeptical as to plaintiff's ability to cure the
21 deficiencies in the Complaint, the court is unable to determine at this juncture
22 whether amendment would be futile. Accordingly, leave to amend is granted. *See*
23 *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Noll v.*
24 *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave
25 to amend her complaint unless it is absolutely clear that deficiencies of complaint
26 cannot be cured by amendment).

27       On amendment, neither something similar to the original Complaint nor
28

what plaintiff filed in his motion to amend/opposition will suffice. Plaintiff must address the Complaint's deficiencies and comply with the Federal Rules of Civil Procedure and Local Rules. Plaintiff must confine himself to a "short and plain statement" of his claims, with "simple, concise, and direct" allegations, showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2), (e); *see also Iqbal*, 556 U.S. at 678-79. Plaintiff must state each of his claims separately, each identifying a discrete alleged legal violation. *See* Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."). Plaintiff must also clearly identify the proper defendants and the factual basis supporting each claim.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the court finds the Complaint is subject to dismissal, and therefore defendant's motions to dismiss (docket nos. 8, 9, 10, 11) should be granted. Further, because the court is unable to determine for certain at this juncture that amendment would be futile, plaintiff is granted leave to amend, and thus to that extent plaintiff's motion to amend/opposition (docket no. 16) is granted. Accordingly, **IT IS ORDERED THAT**:

1) Within 30 days of the date of this order, or by **April 20, 2022**, plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint.

2) If plaintiff chooses to file a First Amended Complaint, plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on

        the court-approved form CV-66. The First Amended Complaint must be complete in and of itself, without reference to the original Complaint, or any other pleading, attachment, or document.

3)     The court's finding here that the Complaint is subject to dismissal is not dispositive of the claims in the Complaint. Accordingly, if plaintiff disagrees with the court's determination that the Complaint is subject to dismissal, he may stand on the Complaint as it is. If plaintiff chooses to stand on the Complaint without further amendment, he should file a notice with the court by April 20, 2022 stating he wishes to stand on the Complaint without amendment. But plaintiff should be aware that in such case the court will likely submit a recommendation to the assigned district judge that the Complaint be dismissed without leave to amend, subject to plaintiff's right at that time to file objections to such recommendation with the district judge.

An amended complaint supersedes the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will treat all preceding complaints as nonexistent. *Id.* Because the court grants plaintiff leave to amend as to all claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

**Plaintiff is cautioned that his failure to timely comply with this Order may result in a recommendation that this action, or portions thereof, be dismissed.**

DATED: March 21, 2022

                            SHERI PYM
                            United States Magistrate Judge